WALDEN, Chief Judge.
The facts in this case are not in dispute. Petitioner, Pine Gas Corporation, was the owner of tangible personal property located in Palm Beach County on January 1, 1966. Respondent, Edgar Maxwell, tax assessor for that county, intentionally failed to include on the 1966 tax roll any assessment against petitioner’s property for the reason that he felt unable at the time to arrive at a just valuation.
By petition for a writ of mandamus Pine Gas sought to compel the tax assessor to place its property on the tax roll. The trial court issued its alternative writ, and after hearing found that the tax assessor had a clear legal duty to place an assessment against petitioner’s tangible personal property. A peremptory writ of mandamus was issued directing the tax assessor to fulfill that duty. He appeals. We affirm.
The point before us is whether mandamus property lies to compel the tax assessor to place an assessment against petitioner’s property.
A review of the pertinent 1965 Florida Statutes, F.S.A., shows a clear duty on the part of the tax assessor to assess all the property within the county. These statutes provide, in part:
§ 193.021 “The county assessor * * * shall assess all the real and personal property in said counties * *
§ 193.11 “(1) Between January 1 and July 1 in each year, the county assessor of taxes * * * shall ascertain by diligent inquiry the names of all taxable persons in his county, and also all of their taxable personal property * * * and shall make out an assessment roll of all such taxable property. * * * ”
§ 200.13 “ * * * The tax assessor shall enter upon and include in said tax roll the name of each and every person, firm and corporation who or which between January first and March first of that year was an inhabitant and/or was doing business in such county * *
§ 200.14 “After having entered all the names of the owners of tangible personal property on the tax roll * * * the tax assessor shall proceed to assess the tangible personal property in the county upon such information as he may have before him * * *.”
Indeed, the tax assessor concedes that he has a statutory duty to assess all real and personal property in Palm Beach County. But he argues that the performance of his duty includes the option, at his discretion, to omit petitioner’s tangible personal property from the 1966 tax roll and then within a three year period to back assess the petitioner’s property when he is better able to establish its just valuation. In support of *237 this argument he cites F.S. Section 200.16, F.S.A.1965, which provides:
“If any tax assessor when making his assessment shall discover that any tangible personal property has for any reason escaped taxation for any or all of the three previous years, he shall, in addition to the assessment of such tangible personal property for that year, assess the same separately for such year or years that it may have escaped taxation at the full cash value thereof * *
However, we are not faced with a situation where petitioner’s property has escaped taxation. Petitioner is actively seeking taxation. Its property has not been missed, forgotten or overlooked. The omission has been a deliberate and calculated act. Under these circumstances Section 200.16 is totally inapplicable, and does not present the tax assessor with an alternative to assessment of all property on the current year’s tax roll.
The parties agree that mandamus lies to compel performance of legal duties of a ministerial as opposed to a discretionary character. They also agree that mandamus may be used to compel a public official to exercise the discretion reposed in him by law. In other words, when the respondent officer refuses to act at all, mandamus will lie to force him to exercise his discretion in the matter.[1]
Applied to the present case, the tax assessor has a clear legal duty to make an assessment against all the property in Palm Beach County. He has refused to act on petitioner’s property. Mandamus then properly lies to force him to exercise his discretion in establishing the valuation of petitioner’s tangible personal property on the 1966 Palm Beach County tax roll.
Affirmed.
REED, J., and WARREN, LAMAR, Associate Judge, concur.

. See generally 21 Fla.Jur., Mandamus, § 31.