PIERCE, Judge.
This is an appeal by appellants State Comptroller and the local County Tax Assessor and Tax Collector, defendants below, from a final summary judgment entered against them in a suit for declaratory judgment brought by appellees Myrlyn L. Allen and Margaret E. Deaton, plaintiffs below, to determine the validity of a changed increase in the assessment of their real property by the taxing authorities after certification of the county tax roll.
The ultimate question for us to decide is whether the entry of summary final judgment in favor of plaintiffs was proper. This calls for a consideration of the pleadings to determine the issue before the Court, and a review of the evidence before the trial Judge in the form of affidavits and answers to interrogatories.
The sole issue in the suit was whether the changed assessment of plaintiffs’ property was for the purpose of correcting a mistake of omission and/or commission in making the original assessment, or whether it was brought about by a change in judgment on the part of the taxing authorities as to such original valuation. If the for *748 mer, the assessment change was valid and permissible; if the latter, the change in assessment was invalid and impermissible.
Both the statute law and the applicable Florida cases draw a distinction, as to legal effect, between the two contrasting reasons aforesaid for changing the assessment.
F.S. § 192.21 F.S.A. provides inter alia that—
“ * * * no act of omission or com-misssion on the part of any tax assessor * * * shall operate to defeat the payment of said taxes; but any such acts of omission or commission may be corrected at any time by the officer * * * responsible for the same in like manner as is * * * provided by law for performing such acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any such tax.” (Emphasis supplied.)
In City of Ft. Myers v. Heitman, 1941, 149 Fla. 203, 5 So.2d 410, the Supreme Court, speaking through Judge Whitfield, said:
“The principle established for State taxation by section 894, C.G.L. as amended in 1929 and 1935 [present § 192.20, F.S.], which principle of taxation is applicable to all property taxation under section 5, Article IX, of the constitution, is that no act of omission or commission in making assessments for ad valorem taxation shall operate to defeat the payment of duly authorized taxes, but any such acts of omission or commission may be corrected at any time, and when so corrected shall be valid ab initio and the assessment enforced.
‡ ‡ ‡ * ‡
If errors in making tax assessments on the rolls are not corrected, that does not affect the duty to pay or the authority to collect the tax when it is duly authorized by law, though an error in making the assessment on the tax roll may render the assessment defective as a muniment of title for purchasers of the property. And such errors in assessments may be excessive or discriminatory valuations of property for assessment or in stating the name of the owner on the tax rolls.”
In State ex rel. Ranger Realty Co. v. Lummus, 1933, 111 Fla. 746, 149 So. 650, the correction of such errors was held by the Supreme Court to be not only the right, but the duty, of the appropriate taxing officials, when discovered. It was there held, referred to the then existing statutes, now brought forward and contained in F.S. § 192.21 F.S.A., that—
“The respondent tax assessor refuses to comply with the alternative writ of mandamus on the ground that the tax rolls which the writ requires him to correct are no longer in his custody, but have been turned over to the tax collector, as provided by law. He does not say that, even though the rolls are out of his hands, he is denied access to them for the purpose of complying with the alternative writ. The effect of the statutes is to impose upon the tax assessor a continuing duty to prepare according to law a legal tax roll, and, if through oversight, mistake, or inadvertence he has failed to do so, the statute itself affords ample power and authority for the tax assessor to correct his mistake in the preparation of the roll by forthwith making the necessary changes and amendments of the roll to make the same conform to the ‘form of things’ required by the tax laws, and the effect of the statute is to impose upon the officer having the actual custody of the tax roll requiring correction the duty to permit access to it by the tax assessor in order that the tax assessor may do what the law requires him to do so as to show a regular and valid record of his assessment.”
It will be observed in Lummus, that the Supreme Court placed upon the taxing of *749 ficials the duty to correct assessment errors. Also, that such duty exists, even after the sale and issuance of tax certificate on the property, which would necessarily presuppose a date subsequent to certification of the tax roll.
Numerous opinions of the Attorney General’s office have conformed to the foregoing Supreme Court holdings. We refer to opinions of the Attorney General 449-313, 061-92, 062-84, and 064-13, which not only stress the authority and duty of the taxing officials to correct such errors, after the tax roll had been certified, because of previous mistakes in calculations, but also review interestingly the history and development of the law in such regard.
We advert now to the case at hand. We have already mentioned that the Court entered summary judgment for plaintiffs upon their motion. The precepts governing entry of summary judgment should always be borne in mind. It is axiomatic that the entire evidence must be evaluated most strongly against the moving party, also that if the evidence raises the slightest doubt upon any issue of material fact or it will permit of different reasonable inferences, the case should be submitted to a jury, which is the constitutional trier of the facts. Booth v. Mary Carter Paint Company, Fla.App.1966, 182 So.2d 292, and cases therein collated. It is only necessary here to examine the evidence offered by the defendant taxing officials in opposition to the motion.
The record reflects, through the affidavits and interrogatory answers of defendant Haines, the local Tax Assessor, that the following facts were adduced before the Court: that the changes in the tax bills in question were caused by “the failure to include a portion of the value of the improvements to said property in the mathematical computation, said value having been on the records, but excluded, as a mathematical error”; that, “said error had been a continuing one from at least the year 1962, but was corrected, due to a re-auditing of his records”; that “the Board of County Commissioners authorized the correction (which had the effect of raising the base tax amount to $436.27) on November 8, 1966,” which was “an error of omission”; that there was also “a miscalculation in applying the established formula for this type of structure to the remainder of the building”, which was “an error of commission”; that “the value of the improvements”, which had been erroneously “excluded from computation” prior to the change in assessment, “included the value of the fireplace, part of the heater and air conditioner, part of the plumbing and part of the tile”; and that “the error was discovered as a part of the continuing program of auditing the computations on the property record cards”. Similar proof of errors in computation, but in more detailed form, were adduced by the interrogatory answers of defendant Haines’ deputy tax assessor, one Jones.
The foregoing facts adduced on behalf of the defendant taxing officials were clearly material to the underlying issue before the Court, i. e., whether the changed assessment stemmed from an error of commission or omission in calculating the original assessments or was the result of a mere change in taxing judgment. As such, it was sufficient to withstand entry of final summary judgment against the officials. Enough was presented to at least make it a full-trial question.
The judgment appealed is therefore reversed for further proceedings not inconsistent herewith, and it is suggested that upon remand the owner or holder of the 1957 Tax Certificate No. 1015, which was declared null and void in the summary judgment, be made a party defendant to the suit, with all rights of a party litigant as his interest might appear.
Reversed and remanded.
ALLEN, Acting C. J., and MANN, J„ concur.