CHARLES CARROLL, Chief Judge.
This appeal is by Dade County, the defendant below, from a judgment of the circuit court invalidating an increase made after certification of the tax roll, in the assessment of appellees’ real property for ad valorem taxation for the year 1966. The appellees’ suit to challenge the validity of the assessment was timely filed.
In Dickinson v. Allen, Fla.App.1968, 215 So.2d 747, decided recently, the Second District Court of Appeal, on considering the authority granted tax assessors by § 192.21 Fla.Stat., F.S.A. to correct, at any time, inaccuracies or mistakes in tax rolls which result from acts of omission or of commission by the officer responsible for making the assessment, said:
“The sole issue in the suit was whether the changed assessment of plaintiffs’ property was for the purpose of correcting a mistake of omission and/or commission in making the original assessment, or whether it was brought about by a change in judgment on the part of the taxing authorities as to such original valuation. If the former, the assessment change was valid and permissible; if the latter, the change in assessment was invalid and impermissible.
“Both the statute law and the applicable Florida cases draw a distinction, as to legal effect, between the two contrasting reasons aforesaid for changing the assessment.”
The property here was a shopping center. The assessment for the preceding year, 1965, was $5,081,900. Of that $3,-871,100 was allocated to the buildings and $1,210,800 was for the land. On the 1966 tax roll submitted for certification the assessment figure for appellees’ property was $6,601,620, of which $2,757,830 (representing an increase of $1,547,030 over 1965) was for land, and $3,843,790 (the same figure as used in 1965, less an adjustment of around $27,000 due to sale of a small portion) was for the buildings.
In January of 1966 the property in question had been sold for a consideration of approximately $12,000,000. Prior to mak *64 ing up the tax roll for 1966, an employee of the tax assessor inspected the buildings and prepared notes or data sheets, which became a part of the assessor’s records, indicating valuation of the buildings as $5,-368,870, which was $1,497,770 higher than the valuation placed thereon for the 1965 assessment. Nevertheless the 1966 assessment was made and certified as and in the amount stated above, without increase in the buildings’ valuation.
After certification of the tax roll the assessor submitted to the county commission a revision in the roll increasing the assessment of appellees’ property from $6,-601,620 to $8,126,660. That increase consisted of raising the valuation on the buildings from $3,843,790 (as certified) to $5,-368,830.
The determinative question is whether that change in the assessment after certification of the tax roll was a correction of a mistake of omission or of commission by the assessor, or represented a change in judgment by the official. The trial court ruled, in effect, it was the latter, by finding that it was not shown to be the former, stating:
“Plaintiffs have carried their burden of proof and the defendants have failed to prove that the change in assessment resulted from an error of omission or commission under § 192.21, F.S.”
The appellant contends this finding by the trial court is without evidentiary support and is against the evidence. The ap-pellees argue that the belated increase represented a change in the nature of an exercise of judgment by the assessor as to the valuation. As a basis of its claim that the increase in the assessment represented an authorized correction for an omission on the part of the tax assessor, the appellant points out that there is evidence that the figures for the increased valuation of the buildings were at hand but were mislaid and not used in the tax roll because the employee who had charge of them was on vacation; that the assessor had started making the change before certification of the roll; but that delays, in data processing prevented it from being completed before certification. The appellants contend that regardless of why the change was not made earlier, it was a judgment decision of the assessor to value the buildings at a higher figure, not authorized to be done after the tax roll was certified, and appellees emphasize the fact that in reporting the increase to the commission the assessor did not classify it as a correction of an omission, but as an “increase” in the assessment.
On consideration of those opposing arguments of the parties, in the light of the record, we are impelled to sustain the finding of the able trial judge, and accordingly affirm the judgment.
Affirmed.