WIGGINTON, Judge.
Defendant taxing officials of Volusia County appeal a summary final judgment rendered against them in favor of plaintiff landowners. They charge that the trial court erred in holding on the undisputed facts reflected by the record that plaintiffs were entitled to judgment as a matter of law.
This case challenges the validity of a back-assessment made by the Tax Assessor of Volusia County during the year 1968 for the permanent improvements situate on land owned by plaintiffs, the value of which had been omitted from the 1967 tax assessment rolls. The tax assessment for the year 1968 which included the value of both the land and the permanent improvements thereon has not been questioned, was paid, and is not involved in this proceeding.
The facts which form the basis of this controversy may be summarized as follows. Appellees are the owners of valuable oceanfront property in the City of Daytona Beach which in its vacant and unimproved state had an assessed valuation for tax purposes of $177,330.00 for the year 1966. No objection was made by the owners to the valuation placed upon their land by the tax assessor, and the taxes assessed against the land for the year 1966 were duly paid.
During the year 1966, and prior to January 1, 1967, the owners constructed on the land in question a large new motel building containing 126 units, a restaurant, lounge, and swimming pool. For the year 1967 the county tax assessor made an evaluation of appellees’ property for tax purposes in which the bare land was valued at the sum of $177,330.00, the same valuation placed on it for the preceding tax year, and the recently constructed improvements were valued in the sum of $641,140.00. These sums represented the actual fair market value of appellees’ property for tax assessment purposes as of January 1, 1967. As a result of a clerical error which occurred in the tax assessor’s office, the property record card on 'which the valuation of the bare land was recorded became separated from the card on which the valuation of the improvements was recorded, and the two cards were not attached in accordance with normal office procedure so as to reflect a composite assessed value of both the land and improvements against which taxes would be levied. As a result of this error, only the value of the bare land owned by appellees was placed on the 1967 tax assessment rolls in the same amount as was carried on the tax rolls for the preceding year of 1966. Taxes based upon this valuation were levied and were subsequently paid as assessed.
It was not until the tax assessor was in the process of preparing his tax rolls for the year 1968 that he discovered the error in assessment which occurred with respect to appellees’ property for the tax year 1967. As a result of this discovery appel-lees’ land was properly assessed on the 1968 tax rolls in the amount of $818,470.00 which included the value of both the land and the improvements. In addition, the tax assessor back-assessed on the 1968 tax rolls the value of the improvements on appellees’ land in the amount of $641,140.00 which was omitted from the 1967 tax assessment. Appellees paid the 1968 tax assessment made against their property, but refused to pay the back-assessment on the ground that it was unauthorized and therefore illegal and void. This action was instituted for the purpose of seeking a judicial determination as to the validity of the back-assessment in controversy.
In the summary judgment appealed herein the trial court found that the attempt by the tax assessor in 1968 to back-assess appellees’ real property for the year 1967 was an attempt by the assessor to increase the value of appellees’ property for 1967, which action was illegal and void in that the real estate was not subject to taxation in 1968 for 1967 taxes, such taxes for 1967 having already been paid. The court held *767 that the back-assessment was not made for the purpose of merely correcting a clerical error, or for assessing property which had escaped taxation, but was an attempt by the assessor in 1968 to increase the valuation of appellees’ land for tax assessment purposes made for the year 1967. The court found that no portion of the appel-lees’ real estate was omitted from the 1967 tax roll, therefore, the property did not escape taxation, and the assessor’s attempt to back-assess it for the value of the improvements was an illegal and unlawful assessment of property theretofore taxed and constituted double taxation. It was based upon the foregoing findings and conclusions that the trial court held the 1968 back-assessment of appellees’ property to be null, void and of no effect.
The pertinent statutes relating to ad valorem taxation with which we are concerned provide that all nonexempt real and personal property in this state shall be subject to taxation in the manner provided by law.[1] The statutes define real property for the purpose of taxation to include lands and all buildings, fixtures, and other improvements thereon.[2] All real and personal property is subject to taxation with respect to its value to be fixed as of January 1 of each year.[3]
The statutory provision with which we are most directly concerned in this case is the one relating to assessment of property for back taxes, which for the tax year in question read as follows:
“(1) When it shall appear that any ad valorem tax might have been lawfully assessed or collected upon any property in the state, but that such tax was not lawfully assessed or levied, and has not been collected for any year within a period of three years next preceding the year in which it is ascertained that such tax has not been assessed, or levied, or collected, then the officers authorized shall make the assessment of taxes upon such property in addition to the assessment of such property for the current year, and shall assess the same separately for such property as may have escaped taxation at and upon the basis of valuation applied to such property for the year or years in which it escaped taxation, noting distinctly the year when such property escaped taxation and such assessment shall have the same force and effect as it would have had if it had been made in the year in which the property shall have escaped taxation, and taxes shall be levied and collected thereon in like manner and together with taxes for the current year in which the assessment is made. * * *
“(2) The provisions of this section shall apply to property of every class and kind upon which ad valorem tax is assessable by any state or county authority under the laws of the state.” [4]
The problem with which we are confronted must be resolved by answering the following questions. Is it to be conclusively presumed as a matter of law that (1) the assessed value of appellees’ property appearing on the tax roll for the year 1967 included the value not only of the land but also the value of the permanent improvements situate thereon; (2) that the tax assessor’s failure to include in the 1967 assessment of appellees’ property the value of the permanent improvements situate on appellees’ land constituted an error of judgment and not a mere clerical mistake; and (3) the tax assessor’s act in attempting to back-assess appellees’ property in 1968 for the value of the improvements omitted from the assessment of that property made for the tax year 1967 constituted an unlawful attempt to increase the 1967 assessed valuation? On the other hand, (1) did the tax assessor’s failure to include the value of appellees’ improvements in the total value of the property against which 1967 taxes *768 were assessed result from a clerical mistake occurring in the tax assessor’s office rather than in a mistake of judgment on his part; (2) did such failure result in the omission from the 1967 tax assessment of the value of the improvements situate on appellees’ land within the purpose and intent of the statute which requires the back-assessment of property omitted from previous tax rolls for any one of the preceding three years; and (3) did the act of the tax assessor in attempting to back-assess appellees’ property for the value of the improvements omitted from the 1967 assessment constitute an attempt to increase the valuation of property which had already been valued on the 1967 tax rolls and on which taxes had been paid?
In Okeelanta Sugar Refinery, Inc. v. Maxwell[5] the Fourth District Court of Appeal held that the action of the Tax Assessor of Palm Beach County in attempting in 1964 to back-assess property for the preceding three years by arbitrarily increasing the excessively low valuation previously placed on the property because of a mistake in judgment was void and of no effect. The court held that the statute authorizing the back-assessment of real and personal property applies only to property which has “escaped taxation,” which term means to get free of tax, to avoid taxation, to be missed from being taxed, or to be forgotten for tax purposes. Within the context of that decision it would appear without question that the value of the improvements situate on appellees’ property throughout the entire year 1967 did in fact escape and avoid taxation, not because the improvements were forgotten or as a result of mistake of judgment, but because of a clerical error which occurred in the tax assessor’s office.
In Dade County v. Budd[6] the tax assessor valued the landowners’ property at a figure somewhat higher than the valuation placed on it for the preceding tax year. The increase related to the value of the land and not to the value of the improvements situate thereon. After the tax roll had been completed, certified by the assessor and submitted to the county commission, the assessor attempted to increase the valuation of the property in question by some two million dollars. The question presented for decision was whether the attempted change in the assessment by the assessor after certification of the tax roll was a correction of a mistake by the assessor, or represented a change in judgment by the official. The trial court’s holding that it represented a change in judgment of the assessor and was not the result of a mistake of omission was affirmed by the District Court of Appeal. The fact that the assessor’s records indicated an intention on his part to increase the value to be placed upon the improvements for the new tax year, but which he failed to do before certifying the tax roll, was immaterial.
In Allen v. Dickinson[7] the Supreme Court quashed the decision of the Second District Court of Appeal and affirmed the decision of the trial court which held that the action of the tax assessor in attempting to increase the value of the landowners’ property for tax assessment purposes after the tax roll had been completed, certified, and delivered to the county tax collector was unauthorized and void. The trial court’s holding was premised upon the finding that the assessor’s failure to include in the assessed value of the property the value of a portion of the permanent improvements on the property resulted from an error in judgment and not from a mistake in making up the original assessment.
In Maxwell v. Pine Gas Corporation[8] the Fourth District Court of Appeal made it eminently clear that the statute authorizing the back-assessment of property applies only to property that has been missed, *769 forgotten, or overlooked, and does not apply to omissions which have been the result of a deliberate or calculated act by the assessor. No deliberate act of omission is involved in the case sub judice.
 It is the policy of the law that in construing statutes relating to taxation, that interpretation should be indulged which imposes the tax burden uniformly so that arbitrary and inequitable results may be avoided and the legislative purpose attained.[9] As related to the case sub judice, it can hardly be doubted but that to relieve appellees from the payment of taxes on the improvements owed by them for the tax year 1967 would not only result in their unjust enrichment, but would also impose a disproportionate tax burden on the remaining taxpayers of the county. Requiring appellees to pay the taxes which have been back-assessed against them would not result in double taxation as condemned by our constitution[10] and statutes.[11] This is so for the reason that the value of the improvements was not included in the 1967 assessment and, therefore, no tax with respect to the ownership of such improvements has been paid. As said by the Supreme Court in State ex rel. Kurz v. Lee :
“Courts are required to adjudicate asserted legal rights according to law and their considered judgment with reference thereto; not in capitulation to their desires or sense of emotion, nor as may appear to be expedient for the particular occasion. And in dealing with finance and taxation measures passed by the Legislature, the courts are impelled to look to the substance of a legislative scheme in its practical operation and effect, rather than to the mere form in which it has been contrived and enacted. * * * ” [12]
In reaching our conclusion the underlying intent of the legislature should be given effect and that construction should be avoided which would result in an absurd conclusion.[13]
It is our view, and we so hold, that the valuation placed upon real property by the tax assessor for tax purposes does not create a conclusive or irrebuttable presumption that the valuation so fixed includes not only the value of the bare land described on the tax rolls, but also the value of the permanent improvements situate thereon. We construe the undisputed facts reflected by the record before us to establish as a matter of law that the permanent improvements situate on appellees’ land during the tax year 1967 and having a taxable value of $641,140.00 were omitted from the 1967 tax rolls and escaped taxation for that year. In our judgment the record further establishes without dispute that the foregoing omission did not result from any error of judgment on the part of the tax assessor. This is so because his records affirmatively establish that he inspected the property and recorded an amount which in his opinion represented the fair market value of the improvements for the year 1967, which is the exact amount adopted in making the back-assessment. We further interpret the undisputed evidence to establish that the failure of the 1967 assessed valuation of appellees’ property to include the assessor’s predetermined value of the permanent improvements resulted from a clerical or ministerial error which occurred in the assessor’s office by failure of one of his employees to conform the records to the procedure which had been established for making up the tax assessment roll.
Based upon the evidence disclosed by the record, the controlling statutes and decisions interpreting their purpose, meaning and intent, we hold that the 1968 back-assessment made by the tax assessor against appellees’ real estate was regular and valid *770 in all respects. The judgment appealed is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
SPECTOR, J., concurs.
JOHNSON, Chief Judge, dissents.

. F.S. § 192.01, F.S.A.

. F.S. § 192.02, F.S.A.

. F.S. § 192.04, F.S.A.

. F.S. § 193.23, F.S.A.

. Okeelanta Sugar Refinery, Inc. v. Maxwell (Fla.App.1966) 183 So.2d 567.

. Dade County v. Budd (Fla.App.1969) 219 So.2d 63.

. Allen v. Dickinson (Fla.1969) 223 So. 2d 310.

. Maxwell v. Pine Gas Corporation (Fla. App.1968) 209 So.2d 235.

. Green v. Wisner (Fla.App.1960) 119 So. 2d 814.

. Art. IX, § 3, Fla.Const.1885, F.S.A.

. F.S. § 193.38, F.S.A.

. State ex rel. Kurz v. Lee, 121 Fin. 360, 163 So. 859, 873.

. State Department of Public Welfare v. Bland (Fla.1953) 66 So.2d 59.