WALDEN, Judge.
The property appraiser of Palm Beach County appeals from a final judgment which reduced the 1982 assessed value of appellees’ property from $9,418,500 to $4,075,500.
The land was vacant and comprised about twenty-five acres. Appellees planned to construct a large number of residential units upon the land.
In making the assessment the appraiser determined that appellees could construct 483 units, which number she multiplied by the per unit price of $19,500, which she had calculated, in order to reach the total appraisal of $9,418,500. The trial court, in short, opined that the appraiser erred in finding that appellees could construct 483 units because the appraiser’s “theory is speculative and unsupported by competent evidence.” Instead, the trial court found that the maximum number of units that appellees could construct amounted to only 209 units. We approve and affirm the trial court’s conclusion that under appropriate law appellees could only construct 209 units.
However, and we now come to the point of trial court error, it determined that the per unit price continued to be $19,500. Thus, instead of remanding the case for re-appraisal by the appraiser in light of a maximum unit development of 209 residential units, and the criteria found in section 193.011, Florida Statutes (1983), the trial court itself re-appraised the property by the expedient of simply multiplying 209 *711 units times the per unit price of $19,500 in order to reach the total appraisal of $4,675,500. This, in our opinion, was error.
It appears that, at least to some degree, a lesser density will produce a larger per unit value. In other words, a smaller number of units on a given parcel, in this case, 209 units, will sell for more per unit than a larger number of units, in this case 483 units, upon the same parcel. However, the trial court used the appraiser’s per unit price of $19,500, which the appraiser calculated on the basis of a density of 483 units, in making the assessment for 209 units. We reject the appellees’ argument that the appraiser is stuck with a per unit value of $19,500 because the appraiser did not offer evidence of what the per unit value would be for appellees’ property based on 209 units. The appraiser is not clairvoyant and could not be expected to know in advance the different position that the trial court might take so as to provide alternate appraisal figures to cover such variations.
In broad outline, it is a fundamental rule of administrative law that a reviewing court should not substitute its judgment for the expertise of an administrative agency from which the appeal is taken. Stated another way, if an administrative function remains to be performed after a reviewing court has determined that an administrative agency has made an error of law, the court should not modify the agency order but should remand the matter to the administrative agency. Of course, the court need not remand if the modification is minor. Blake v. Xerox Corporation, 447 So.2d 1348 (Fla.1984); Powell v. Kelly, 223 So.2d 305 (Fla.1969); and O’Donnell v. Bossier, 425 A.2d 1003 (Md.1981).
Here, in our opinion, the trial court having correctly determined the maximum number of units to be 209, it should have remanded the matter to the appraiser for a re-appraisal in light of that determination. Thus, the appraiser could then determine the correct per unit price using the lesser density.
We reverse and remand for further proceedings consistent with the views herein expressed.
Reversed and remanded.
HERSEY and DELL, JJ., concur.