HERSEY, Judge.
Only one issue in this appeal of a contested real property tax assessment merits our attention. (We determined in an earlier case involving the same property and its assessment for tax year 1982, that appel-lees could construct only 209 units and that the appraisal must reflect that limitation. Walker v. Hoffman, 464 So.2d 710 (Fla. 4th DCA 1985). The parties are collaterally estopped from relitigating that factor absent some change in circumstances and none appears on this record.)
By way of summary judgment the trial court directed appellant to value appellees’ property at $4,075,500 for the year 1983. This figure was apparently arrived at by multiplying the number of units (209) by the value per unit of $19,500. The difficulty with this formula is that the per unit *1119 value was initially arrived at by the property appraiser using a presumed base of 453 units. It was undisputed that the unit value would change if there were either more or less than 453 units. It was therefore inappropriate for the trial court to utilize the unit value from one formula and the number of units from another formula to determine an assessment. There was no evidence other than this mathematical exercise to support an assessment of $4,075,-500.
We therefore reverse and remand with instructions that the property appraiser be permitted to determine a proper unit value and then to establish the fair market value of appellees’ property for tax year 1983.
REVERSED and REMANDED.
GLICKSTEIN and DELL, JJ., concur.