Mr. Charles J. Brantley Director Division of Motor Vehicles Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Brantley:
You ask substantially the following:
 If a mobile home owner fails to register the home as required by Ch. 320, F.S., but pays tangible personal property tax on the mobile home pursuant to s. 193.075, F.S., may registration be refused under s. 320.18, F.S., until the owner pays the license tax fees for the period(s) it appears registration should have been made?
In summary:
 The Department of Highway Safety and Motor Vehicles has the authority to refuse registration of a mobile home until the license tax is paid for the period(s) registration should have been made.
Section 1(b), Art. VII, State Const., provides:
 Motor vehicles, boats, airplanes, trailers, trailer coaches and mobile homes, as defined by law, shall be subject to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes.[1] (e.s.)
The Legislature has implemented this constitutional prescription in s. 320.08, F.S. The statute levies an annual license tax for the operation of mobile homes, as defined in s. 320.01(2), F.S.,[2] to be paid to and collected by the Department of Highway Safety and Motor Vehicles (department) or its agent.[3]
Section 320.18(1), F.S., provides:
 The department may withhold the registration of any motor vehicle or mobile home the owner of which has failed to register it under the provisions of law for any previous period or periods for which it appears registration should have been made in this state, until the tax for such period or periods is paid.
The statute clearly states, in the event an owner of a mobile home fails to register the home pursuant to s. 320.08, F.S., the department may withhold the registration until the tax for the delinquent period(s) is paid.[4] Furthermore, an unpaid license tax constitutes a first lien upon the mobile home which, if it remains unpaid for more than thirty days, may be enforced by issuance of a tax warrant.[5]
As a presumptively valid enactment of the Legislature,[6] s.320.18, F.S., provides a method by which the department can insure the payment of license tax fees for mobile homes subject to registration under Ch. 320, F.S.
If a mobile home has not been registered and does not have a current license plate, s. 193.075, F.S., creates a presumption that such a mobile home is either real property[7] or tangible personal property.[8] In AGO 75-42, this office concluded that a mobile home without a current license tag or one which is not legally taxable as real property is presumed to be tangible personal property to be placed on the tax roll and subjected to ad valorem taxation as tangible personal property. The opinion stated, however, that the presumption set forth in s. 193.075, F.S., is rebuttable, so that the subsequent purchase of a license tag might be considered sufficient evidence to overcome the presumption and permit the property appraiser to remove the mobile home from the tax roll for that year. Implicit in this conclusion is the recognition that the license tax is imposed in lieu of ad valorem taxation.[9]
A review of the legislative history of s. 193.075, F.S., reveals that it was created to provide statutory guidance to tax assessors in categorizing unlicensed mobile homes for assessment purposes.[10] Subsequent to the creation of s. 193.075, F.S., however, ss. 320.18 and 320.19,[11] F.S., were amended to specifically include mobile homes.[12]
Reading the statutes together, ss. 193.075, 320.18 and 320.19, F.S., have a common purpose in insuring that mobile homes not classified as real property do not escape taxation. Under accepted rules of statutory construction, they should be read to preserve the force and effect of each.[13]
Thus, in the event a mobile home does not qualify as real property, it would appear the home may be taxed by requiring the purchase of a mobile home license tag. If a current mobile home license tag is not properly affixed to the home and the home does not qualify as real property, it may be taxed as tangible personal property. I am unable to conclude, however, that a mobile home may be subject to taxation by purchase of a mobile home license tag and by placement on the tax roll as tangible personal property during the same tax year.[14]
While this office must presume the constitutional validity of duly enacted statutes, a problem may arise if an ad valorem tax is levied pursuant to s. 193.075. F.S., and a license tax is assessed pursuant to Ch. 320, F.S., for the same taxation period, since the statutory language in s. 320.081(2), F.S.[15] , indicates that the license tax is to be imposed in lieu of ad valorem taxes.[16] Given the potential problem in reconciling the two statutes, it would be advisable to seek legislative or judicial clarification of this matter.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See also, s. 320.081(2), F.S., providing that "[t]he annual license tax prescribed in s. 320.08(10) and (11) is in lieu of ad valorem taxes, and a sticker, as appropriate, shall be issued to evidence payment thereof," (e.s.) and s. 320.015(1), F.S., which provides, in pertinent part, as follows: A mobile home, as defined in s. 320.01(2), regardless of its actual use, shall be subject only to a license tax unless classified and taxed as real property. (e.s.)
[2] Section 320.01(2), F.S., defines "mobile home," in pertinent part, as a structure, transportable in one or more sections, which is 8 body feet or more in width and which is built on an integral chassis and designed to be used as a dwelling when connected to the required utilities and includes the plumbing, heating, air-conditioning, and electrical systems contained therein.
[3] Section 320.08(11), F.S., sets forth a schedule of license taxes based upon the length of mobile homes. See also, s.320.01(2), F.S., providing that "[f]or tax purposes, the length of a mobile home is the distance from the exterior of the wall nearest to the drawbar and coupling mechanism to the exterior of the wall at the opposite end of the home where such walls enclose living or other interior space."
[4] See, Holly v. Auld, 450 So.2d 217 (Fla. 1984) (when the language of a statute is clear and unambiguous no statutory interpretation and construction is necessary; the statute is given its plain and obvious meaning).
[5] Section 320.19, F.S. See also, s. 320.07, F.S., imposing penalties for failure to maintain current registration of mobile homes.
[6] See, Cilento v. State, 377 So.2d 663 (Fla. 1979) (legislative enactments are presumed valid).
[7] Section 320.0815(2), F.S., provides, in pertinent part, the following:
 A mobile home . . . which is permanently affixed to the land shall be issued a mobile home sticker at the fee prescribed in s. 320.08(10) unless the mobile home . . . is qualified and taxes as real property, in which case the mobile home . . . shall be issued an "RP" series sticker. Series "RP" stickers shall be provided by the department to the tax collectors, and such a sticker will be issued by the tax collector to the registered owner of such a mobile home . . . upon the production of a certificate of the respective property appraiser that such mobile home . . . is included in an assessment of the property of such registered owner for ad valorem taxation. See also, s. 320.015(1), F.S., providing that "[a] mobile home is to be considered real property only when the owner of the mobile home is also the owner of the land on which the mobile home is situated and said mobile home is permanently affixed thereto."
[8] See, s. 193.075, F.S., providing: Any mobile home without a current license plate properly affixed, as provided in s.320.08(8) or s. 320.0815, shall be presumed to be either real property or tangible personal property. It shall be presumed to be real property only if the owner of the mobile home is also the owner of the land on which it is located and the mobile home is also permanently affixed to the realty. Otherwise it shall be presumed to be tangible personal property.
[9] See, s. 320.081(2), F.S., supra. See also, AGO 74-205, in which this office concluded that mobile homes are subject to an annual license tax as provided in Ch. 320, F.S., in lieu of ad valorem taxes.
[10] See, Florida Senate Fiscal Note and attached summary of HB 4005, as amended by the Senate Ways and Means Committee, May 21, 1974.
[11] Section 320.19, F.S., provides, in part, that "[t]he license tax required under this chapter, when not paid, constitutes a first lien upon the motor vehicle or mobile home on which the tax is due."
[12] See, ss. 42 and 43, Ch. 83-318, Laws of Florida.
[13] See, Ideal Farms Drainage District, et al. v. Certain Lands,19 So.2d 234 (Fla. 1944) (courts have duty to harmonize statutes so as to find a reasonable field of operation to preserve the force and effect of each).
[14] See, Mills v. Korash, 249 So.2d 765, 769 (1 D.C.A. Fla., 1971), recognizing the policy of the law that taxation statutes should be construed such that the tax burden is imposed uniformly and does not result in double taxation. See also, AGO 66-6 concluding that both a license tax and an ad valorem tax could not be assessed on a mobile home for the same year.
[15] See, footnote 1, supra.
[16] Section 320.18(1), F.S., allows the department to withhold the registration of a mobile home until the registration tax is paid for any period(s) "it appears registration should have been made." In the event a mobile home owner pays ad valorem tax on the mobile home pursuant to s. 193.075, F.S., for a taxing period, it could be argued that the tax year for which the ad valorem tax is paid is not a period "registration should have been made" under s.320.18(1), F.S.