LEHAN, Judge.
We reverse the final judgment approving a back assessment by the Property Appraiser of Lee County of the accreted portion of waterfront property owned by appellant taxpayer. That portion had not been previously assessed. In December 1987 after the taxpayer had paid the 1987 taxes on the property without the accretion, the back assessment was made and a bill was sent to the taxpayer for 1987,1986, and 1985 taxes on the accreted portion.
There was no approval of the back assessment by the Property Appraisal Adjustment Board. That board had adjourned for 1987 prior to the time the property appraiser noticed his error in having failed to assess the accreted property sooner. We disagree with the property appraiser’s argument that under Florida Administrative Code, rule 12D-12.042, which implements section 193.092, Florida Statutes (1987), no such approval is necessary when that board is not in session. Rule 12D-12.-042 governs the procedure for the corree *772 tion of errors of the kind made here, i.e., “taxes omitted from the tax roll in error ... (escaped property also).” That rule provides that “the property appraisal adjustment board shall have final approval authority for the correction of such errors and unless approved no correction shall be made to the tax roll.”
While rule 12D-12.042 also provides that “[t]he correction of any error that will increase the assessed valuation and subsequently the taxes shall be approved by the property appraisal adjustment board if in session,” we conclude that that does not mean, as the property appraiser argues, that the board has no approval rights as to back assessments made while the board is not in session. Rule 12D-12.042 otherwise provides for such situations arising after the board has adjourned. In those situations the rule gives the taxpayer the option to “refuse to waive the right to petition the property appraisal adjustment board,” which the taxpayer clearly has appeared to do here, and goes on to say that then “the property appraiser shall notify the property owner and tax collector that the correction shall be placed upon the subsequent years’ tax roll and at such time as the subsequent years’ tax roll is prepared, then the property owner shall have the right to file a petition contesting the corrected assessment.” That right of the taxpayer is to file a petition with the Property Appraisal Adjustment Board and under these circumstances is not defeated by the property appraiser’s lack of recognition of his obligation of notification under the rule.
Korash v. Mills, 263 So.2d 579 (Fla.1972), cited by the property appraiser, while containing a factual scenario arguably supportive of the property appraiser’s position, does not address our foregoing grounds for reversal.
We find no merit in the taxpayer’s additional arguments that the property appraiser had no authority to make the back assessment because (a) that assessment improperly reflected a change in judgment as to the size, and therefore the value, of the property and (b) a back assessment is no longer permitted because section 193.092 permits such assessments only for the “3 years next preceding the year in which it is ascertained that such tax has not been assessed” and that ascertainment should be deemed to have been made more than three years prior to 1987 when the property appraiser’s aerial maps and photos had shown his omitted assessment of the accreted property. As to (a), there was no change in judgment because no judgment had been exercised in the first instance. As to (b), section 193.092 begins the back assessment period at the time the property appraiser ascertained the error, not at the time he was on notice of it.
We need not and do not address the propriety of any further steps taken hereafter by the property appraiser to effect a back assessment of the accreted property in accordance with rule 12D-12.042.
Reversed.
DANAHY, A.C.J., and ALTENBERND, J., concur.