Mr. J. Thomas Herndon Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Herndon:
You ask the following question:
May the Department of Revenue approve refunds of ad valorem taxes pursuant to section 197.182, Florida Statutes, when the property appraiser has issued certificates of correction for: 1) missed environmental or zoning restrictions, 2) erroneous appraisals of wetlands as drylands, 3) consideration of the lack of access to usable land, and 4) recognition of the polluted condition of the property?
In sum:
Correction of the tax roll based upon these factors would appear to constitute changes in judgment rather than errors of omission or commission. The Department of Revenue may not, therefore, order a refund of ad valorem taxes, pursuant to section 197.182, Florida Statutes, based upon such changes.
Section 197.182(1)(a), Florida Statutes, provides:
"Except as provided in paragraph (b), the department shall pass upon and order refunds when payment of taxes assessed on the county tax rolls has been made voluntarily or involuntarily under any of the following circumstances:
1. When an overpayment has been made. 2. When a payment has been made when no tax was due. 3. When a bona fide controversy exists between the tax collector and the taxpayer as to the liability of the taxpayer for the payment of the tax claimed to be due, the taxpayer pays the amount claimed by the tax collector to be due, and it is finally adjudged by a court of competent jurisdiction that the taxpayer was not liable for the payment of the tax or any part thereof. 4. When the payment has been made in error by a taxpayer to the tax collector, if, within 24 months of the date of the erroneous payment and prior to any transfer of the assessed property to a third party for consideration, the party seeking a refund makes demand for reimbursement of the erroneous payment upon the owner of the property on which the taxes were erroneously paid and reimbursement of the erroneous payment is not received within 45 days of such demand. The demand for reimbursement shall be sent by certified mail, return receipt requested, and a copy thereof shall be sent to the tax collector. 5. When any payment has been made for tax certificates which are subsequently determined to be void, as provided in s. 197.433."
You state that certificates of correction from property appraisers have been submitted with refund requests to the Department of Revenue (department). The property appraisers have been making the changes to the tax rolls, after certification to the tax collector, for the following reasons:
1) Missed environmental or zoning restrictions, 2) Erroneous appraisal of wetlands as drylands, 3) Consideration of the lack of access to usable land, and 4) Recognition of the polluted condition of the property.
Each of these changes to the tax roll involves property which has been assessed and taxed but which would require that the assessed valuation be reduced.
The property appraiser is required to appraise all property in the county annually.[1] In arriving at just valuation as required by section 4, Article VII, Florida Constitution, the property appraiser must consider the factors set forth in section 193.011, Florida Statutes, which include, among other things, consideration of the location of the property as well as its size and consideration of all zoning and other regulations which may restrict development.[2] Each of the factors set forth in section193.011, Florida Statutes, requires a factual inquiry and determination on the part of the property appraiser.[3]
A taxpayer, aggrieved by an assessment, may challenge the property appraiser's determination of value by: 1) a conference with the property appraiser which affords an opportunity to point out mistakes and errors which have resulted in mistakes as to value; 2) petitioning the property appraisal adjustment board for a review and hearing on the assessment; or 3) by bringing suit in circuit court to challenge the assessment.[4] The statutory procedures established for swiftly challenging assessments are essential for the effective operation of the various governmental entities which rely on the receipt of taxes.[5]
Upon completion of the required extensions showing the tax attributable to all taxable property and after satisfying himself that every parcel is properly taxed, the property appraiser is required to certify the tax rolls.[6] This act has historically been viewed as signifying the termination of the primary jurisdiction of the property appraiser.[7] It is presumed that the property appraiser has performed his duties properly and the assessments are proper.[8]
Once the property appraiser has certified the tax rolls to the tax collector for collection, no subsequent changes may be made by the property appraiser to the tax rolls which result from a change in judgment.[9] While the property appraiser and tax collector each have the authority to correct errors of omission or commission at any time,[10] this authority is limited to the correction of clerical or administrative errors.[11] The authority to correct errors of omission or commission does not carry with it the concomitant authority to effectuate changes in judgment regarding the value of a particular parcel of property in order to generate a refund. The courts have considered such things as a determination of the percentage a structure under construction is completed,[12] or the failure to include a portion of the value of improvement to property in the mathematical computation,[13] to constitute changes in judgment. On the other hand, a computer error which omitted a zero from the assessed value stated on the tax bill has been held to be an error of omission or commission which the property appraiser has a duty to correct.[14]
While a certificate of correction of the tax roll is evidence of circumstances that give rise to a refund, it is not an authorization for a refund.[15] Pursuant to section 197.182(1)(c), Florida Statutes, claims for refunds are to be made in accordance with the rules of the department. Such rules, promulgated by the department as the agency charged with the administration of the statute in the exercise of its rule-making authority, are presumptively valid.[16] Rule 12D-13.009, Florida Administrative Code, sets out with considerable specificity the procedures for obtaining a refund and provides in subsection (2) of the rule a partial list of examples of errors giving rise to a refund. You state that the department does not believe that the reasons in the instant inquiry fall within the enumerated errors stated in the rule although you note that the rule itself provides that it is intended as a partial rather than complete listing.[17]
The proposed corrections in the instant inquiry, however, would appear to be in the nature of a judgment and thus not subject to change. The certificates of correction from the property appraisers pertain to an apparent change in the condition or utility of the property, which matters, if known, would necessitate a change of judgment by the property appraiser.
As noted above, once the tax roll has been certified to the tax collector, changes in judgment regarding the assessment of property are impermissible.[18] Nothing in section 197.182, Florida Statutes, or the rules of the department adopted thereunder, authorizes the department to override the presumption of correctness of the property appraiser's assessment after that presumption has become conclusive by the taxpayer's failure to challenge the assessment within the time frame set forth in section 194.171, Florida Statutes, or to order a refund resulting from a change in judgment.[19] Section 197.182, Florida Statutes, would appear to limit its application only to those situations where a correction to the tax roll would otherwise be permitted.
Therefore, I am of the opinion, until legislatively or judicially clarified that the Department of Revenue is not authorized to issue refunds that are a result of a change in judgment on the part of the property appraiser as to the assessed value.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, ss. 192.042, 192.011, 193.023 and 193.085, Fla. Stat.
[2] Walker v. Hoffman, 464 So.2d 710 (Fla. 4th DCA Fla. 1985), holding that the consideration of environmental and zoning restrictions is a matter within the property appraiser's judgment.
[3] See, Blake v. Xerox Corporation, 447 So.2d 1348 (Fla. 1984).
[4] See, ss. 194.011(2) and (3), and 194.171, Fla. Stat.
[5] See, Rudisill v. City of Tampa, 9 So.2d 380 (Fla. 1942).
[6] Section 193.122(2), Fla. Stat.
[7] See, State v. Thursby, 139 So. 372, 376 (Fla. 1932).
[8] See generally, Powell v. Kelly, 223 So.2d 305 (Fla. 1969).
[9] See, Korash v. Mills, 263 So.2d 579 (Fla. 1972), concluding that where the improvement of a motel was omitted from assessment by error, the back assessment was proper because the improvement had been overlooked; however, if a change in the judgment of the property appraiser had been involved, such a back assessment would have been struck down. The court recognized that the prohibition against a change applied to belated adjustments upward and downward. And see, Underhill v. Edwards, 400 So.2d 129 (Fla. 5th DCA 1981), concluding that where the property appraiser had determined that the property was exempt, he could not in a subsequent year change that determination and back assess the property.
[10] Section 197.142, Fla. Stat.
[11] See, e.g., Markham v. Friedland, 245 So.2d 645 (Fla. 4th DCA 1971); Homer v. Connecticut General Life Insurance Co.,211 So.2d 250 (Fla. 3d DCA 1968) (errors capable of correction under statute are oversights of a clerical or ministerial variety, not willful deceptions or errors in judgment); McNeil BarcelonaAssociates, Ltd. v. Daniel, 486 So.2d 628 (Fla. 2d DCA 1986),review denied, 494 So.2d 1151 (Fla. 1986), concluding that a corrected assessment resulting from the property appraiser's use of an erroneous square footage multiplication factor was an administrative change, not a change in judgment, and therefore was permissible.
[12] Markham v. Friedland, 245 So.2d 645 (Fla. 4th DCA 1971).
[13] Dickinson v. Allen, 215 So.2d 747 (Fla. 2d DCA 1968).
[14] See, Straughn v. Thompson, 354 So.2d 948 (Fla. 1st DCA 1978).
[15] See, Inf. Op. to Ron Alderman and Murray A. Bronson, dated December 13, 1989, stating that under the rules of the department implementing s. 197.182, Fla. Stat., the issuance of a certificate of correction is not required in order for the department to order a refund.
[16] See, e.g., Florida Citrus Commission v. Golden Gift, Inc.,91 So.2d 657 (Fla. 1956); 4245 Corporation, Mother's Lounge, Inc.v. Division of Beverage, 348 So.2d 934 (Fla. 1st DCA 1977). Andsee, State v. Florida Development Commission, 211 So.2d 8 (Fla. 1968) (in case of doubt as to meaning of statute, departmental construction is to be given great weight).
[17] Rule 12D-13.009(2), Fla.Admin.C., in setting forth a partial list of the circumstances which may result in a refund being ordered by the department, provides:
"(a) The failure to allow an exemption for which an application has been filed and granted pursuant to the Florida Statutes. (b) Errors in extending the amount of taxes due. (c) Mathematical errors. (d) Changes in value due to clerical or administrative type errors. (e) Taxes paid under illegal (unconstitutional) levies. (f) Taxes paid in error. (g) Any error of omission or commission which results in an overpayment of taxes. (h) Tax certificates that have been corrected when the correction requires that the tax certificate be reduced in value due to some error of the property appraiser, tax collector, their deputies or other county officials. (i) Void tax certificates. (j) Void tax deeds. (k) Void or redeemed tax deed applications. (l) Incorrect computation of acreage or square feet resulting in overpayment."
[18] Korash v. Mills, supra.
[19] See generally, District School Board of Lee County v.Askew, 278 So.2d 272 (Fla. 1973).