400 So.2d 129 (1981)
William Amory UNDERHILL, James E. Pollard, Claude E. Varn, John E. Johns, Tom S. Gilchrist, Jr., Dr. William W. Schildecker, William G. Keebler, Carl Ward and Frank A. Ford, As and Constituting the Trustees under the Last Will and Testament of Bert Fish, Deceased, Known As "Bert Fish Testamentary Trust," Appellants,
v.
Dave EDWARDS, As Tax Collector of Volusia County, Florida, and As the Director of the Department of Finance of the County of Volusia, Florida, and John W. Turner, As Property Appraiser of Volusia County, Florida, and As Director of the Department of Assessments of the County of Volusia, Florida, Appellees.
No. 80-227.
District Court of Appeal of Florida, Fifth District.
June 17, 1981.
John R. Godbee, Jr., of Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, P.A., Daytona Beach, for appellants.
William M. Barr of Raymond, Wilson, Conway, Barr, Burrows & Jester, Daytona Beach, for appellees.
*130 ORFINGER, Judge.
Appellants (trustees of a private, not-for-profit hospital,) question the correctness of the trial court's conclusion that a portion of the otherwise exempt hospital building could be properly assessed and placed on the tax rolls. By cross appeal, the property appraiser questions the propriety of the trial court's conclusion that a back assessment of the property in question was void because in the tax year to which the back-assessment related, the property in question was assessed as "exempt." We affirm.
The findings and conclusions of the trial court are set out in the final judgment which followed a non-jury trial and which we recite in full:
In this action, plaintiffs contest the ad valorem assessment and taxation of the first floor of the new wing of Fish Memorial Hospital in DeLand, Florida, for the years 1976, 1977 and 1978. Plaintiffs are the trustee-owners of the hospital. For the three tax years in dispute, plaintiffs applied for exemption of the entire hospital property, including the new wing, on the basis of alleged charitable use. In 1976, the defendant Property Appraiser granted the exemption application for the entire property, including the first floor of the new wing. In 1977, however, the Property Appraiser denied the application with respect to the first floor of the new wing because of his determination that that portion of the property was not actually used for a charitable purpose. In addition, the Property Appraiser determined that that portion of the property had been exempted erroneously in 1976 and he therefore back-assessed it for 1976 taxes on the 1977 tax roll pursuant to section 193.092, Florida Statutes. The application for exemption was also denied in 1978. Plaintiffs paid the taxes for 1976, 1977 and 1978 under protest and in this action they seek a refund of the taxes paid. The action was tried before the Court sitting without a jury. The Court has carefully considered the testimony and other evidence adduced at the trial and the arguments of counsel. Being fully advised in the premises, the Court finds, determines and declares as follows:
1. The real property involved in this action is the first floor of the new wing of Fish Memorial Hospital in DeLand, Florida, more particularly described on the 1977 and 1978 ad valorem real property tax rolls of Volusia County as Parcel No. 7009 01 06 0010. Said parcel, consisting of the first floor of the new wing only, will be referred to sometimes in this judgment as the subject property.
2. As of the first days of January, 1977 and 1978, and at all other times during each of those years, the subject property was held and used for a private purpose and not for a charitable or other exempt purpose within the meaning of the Constitution and laws of the State of Florida. The subject property was held by the plaintiffs for the purpose of renting it to private medical doctors who, as lessees, used and occupied it as office space for the conduct of their private medical practices for professional compensation and profit. Such a use of real property is not a charitable use or purpose within the meaning of Article 7, Section 3(a), Florida Constitution of 1968, nor is it a charitable purpose as defined in Section 196.012(6), Florida Statutes. The evidence demonstrates without dispute that the lessee-doctors do not conduct their medical practices on a charitable basis, but, instead, conduct their practices in an ordinary manner for professional compensation and profit.
3. The lessee physicians are members of the medical staff of plaintiffs' hospital and, as such, they render incidental services to the hospital in the same manner as other medical staff members who conduct their medical practices in offices not located on or adjacent to the hospital premises. However, the benefits which the hospital derives from its arrangement of leasing the first floor of the new wing to private medical doctors does not qualify the subject property for exemption from ad valorem taxation. Such benefits are clearly incidental and they do not change *131 the actual private use of the subject property. Under the Constitution and laws of Florida, only those portions of property which are used predominantly for charitable purposes are entitled to charitable tax exemption. Article 7, Section 3(a), Florida Constitution of 1968; Section 196.196(2), Florida Statutes. Those portions of real property in Florida which are used predominantly for private, nonexempt purposes are not entitled to exemption. Such property is subject to taxation. Section 196.001, Florida Statutes. It must bear its fair share of the tax burden along with other private properties and property interests which are subject to taxation. See Williams v. Jones, 326 So.2d 425 (Fla. 1976); Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla. 1976).
4. The fact that the subject doctors' offices are adjacent to a charitable hospital facility does not alter the result. The actual charitable use of the hospital qualifies the hospital for exemption; it does not qualify the subject doctors' offices for exemption. That portion of the property must stand on its own use, not the use of the adjacent hospital facility. The evidence clearly demonstrates that the subject private doctors' offices exist and function independently from the hospital and that the subject property is not a part of the hospital as such, although it happens to be a part of the building in which the hospital is located.
5. The evidence supports the Property Appraiser's decision to assess and tax the entire first floor of the new wing, including the corridors and other common areas, as well as the doctors' offices themselves. The corridors and other common areas in the first floor of the new wing exist and function predominantly to serve the private doctors' offices, just as the common areas in the hospital exist predominantly to serve the hospital. The Court finds, upon consideration of the evidence, that the entire first floor of the new wing, including the common areas, is predominantly used for private, non-charitable purposes.
6. The Court finds that the subject property was subject to taxation and was not entitled to exemption in 1977 and 1978 and that the disputed assessments and taxes levied on the subject property for those years were correct and lawful in all respects.
7. The back-assessment for the year 1976 involved the circumstance of a difference in judgment by successive tax assessors, and is precluded by applicable Florida law. Korash v. Mills, 263 So.2d 579 (Fla. 1972); Markham v. Friedland, 245 So.2d 645 (Fla. 4th DCA 1971). The 1976 taxes were paid under protest by the plaintiffs and should be refunded.
8. The Court finds that the plaintiffs are not estopped to challenge the 1976 tax assessment on the basis that they failed to exhaust administrative remedies, and that this Court has jurisdiction of the issue of the 1976 tax payment. Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972).
9. The plaintiffs seek interest on the refund of taxes paid since the date of May 31, 1978. The Court has concluded that such interest cannot be awarded in an action of this nature where no money judgment against the state or the taxing authority is involved. State ex rel. Four-Fifty-Two-Thirty Corp. v. Dickinson, 322 So.2d 525 (Fla. 1975); Mailman v. Green, 111 So.2d 267 (Fla. 1959); Hansen v. Port Everglades Steel Corporation, 155 So.2d 387 (Fla. 2d DCA 1963).
It is therefore ORDERED and ADJUDGED that final judgment is hereby entered in this action against the plaintiffs and in favor of the defendants for the tax years 1977 and 1978; as to those assessments and collections, plaintiffs take nothing by this action and the defendants go hence without day. It is further adjudged that the defendants herein shall refund to the plaintiffs the tax payment (without interest) for the year 1976 paid under protest by the plaintiffs ...
*132 Appellants' only issue on appeal is that they are entitled to an exemption of the first floor of the new wing of the hospital because that portion represents only a very small percentage of the otherwise exempt property and this incidental use of this small portion does not destroy the predominant charitable use of the property. The trial court completely and correctly addressed this problem. There was no attempt by the property appraiser to remove the exemption from the hospital itself, but only from that portion of the building used for private purposes. This is authorized under Article 7, section 3(a) of the Florida Constitution (1968) and by sections 196.192 and 196.196, Florida Statutes.
The trial court also correctly determined that the first floor of the new wing which had been assessed as "exempt" on the 1976 tax roll could not be back assessed,[1] because the property had not "escaped taxation" for that year. It had not been missed, overlooked or forgotten. Okeelanta Sugar Refinery, Inc. v. Maxwell, Fla.App. 1966, 183 So.2d 567. Once the tax roll has been certified for a given tax year and the tax levied thereon is paid for a particular described property, that property cannot be taxed again for that particular year. Okeelanta; Markham v. Friedland, 245 So.2d 645 (Fla. 4th DCA 1971). In the 1976 tax year it was the "judgment" of the property appraiser that the entire hospital property was exempt (which included the questioned first floor) and the property was so assessed on the tax roll. In Korash v. Mills, 263 So.2d 579 (Fla. 1972), relied on by appellee here, the total improvement consisting of an oceanfront motel was omitted from the assessment by error. Thus, it was held that a back assessment under the subject statute was proper, because the improvements had been totally overlooked; they had in fact "escaped taxation." The court emphasized that it was not the judgment of the property appraiser that was involved; if a change in valuation had been attempted, it would have been stricken down. After certification of the tax roll a change "reevaluating" the amount of the valuation will not be allowed. Korash, supra. The determination that a parcel of property is exempt is as much a part of the assessment process as is the determination of its taxable value, and the judgment of the assessor must be applied in reaching that conclusion. We hold, therefore, that a determination in 1977 that the property should not have been exempted in 1976 is a change in judgment and is prohibited under the cited cases.
This leaves the property appraiser's contention that the trial court had no jurisdiction to consider the back assessment because appellants did not exhaust their administrative remedies or file their action within sixty days of the contested assessment as required by section 194.171(2), Florida Statutes (1977), citing Coe v. ITT Development Corporation, 362 So.2d 8 (Fla. 1978). The same statute [formerly numbered as section 192.21(2), Florida Statutes] was construed in Lake Worth Towers Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972) wherein it was held that the statute would not bar a late challenge to an assessment charged to be unauthorized or void, "which may be enjoined or relieved against at any time." Id. at 4. The court then defined a "void" assessment as one not authorized by law or where the property is not subject to the tax assessed, or where the tax roll is illegal due to some affirmative wrongdoing by the taxing official. A "voidable" assessment is defined as one which is made in good faith, but is irregular or unfair. We deem this *133 assessment void because there was no statutory authority for the property appraiser to change his judgment after the year for which the tax roll had been certified. Thus the sixty day statute does not apply.
The judgment appealed from is AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] Section 193.092, Florida Statutes (1977) provides:

(1) When it shall appear that any ad valorem tax might have been lawfully assessed or collected upon any property in the state, but that such tax was not lawfully assessed or levied, and has not been collected for any year within a period of three years preceding the year in which it is ascertained that such tax has not been assessed or levied or collected, the officers authorized shall make the assessment of taxes upon such property in addition to the assessment of such property for the current year, and shall assess the same separately for such property as may have escaped taxation at and upon the basis evaluation applied to such property for the year or years in which it escaped taxation... .