461 So.2d 167 (1984)
NORTH SHORE MEDICAL CENTER, INC., Appellant,
v.
Frank B. BYSTROM, As Property Appraiser of Dade County, Florida, et al., Appellees.
No. 84-1171.
District Court of Appeal of Florida, Third District.
December 4, 1984.
Rehearing Denied January 22, 1985.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Martin J. Kurzer, Miami, for appellant.
Robert A. Ginsburg, County Atty., and Daniel A. Weiss, Asst. County Atty., for appellees.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
Plaintiff, North Shore Medical Center, Inc., appeals from final summary judgment determining that it is not entitled to a charitable exemption from state ad valorem taxation for the tax years 1981, 1982 and 1983 on the medical office building which was constructed by the plaintiff hospital on its hospital grounds.
The trial court, after hearing argument and considering memoranda filed by the parties, and pursuant to their stipulation that judgment be entered based upon the record before the court at that time, entered its final summary judgment ruling against plaintiff and in favor of the taxing authority defendants for the tax years in *168 question. In its order the court considered the stipulated facts, the pleadings, depositions and affidavits on file and the applicable law, and concluded, in pertinent part, as follows:
[T]he exempt character of property under the present state of the law is based upon exclusive or predominant exempt (charitable) use of the property and not upon any incidental exempt use of the property or the exempt use of funds obtained from the lease of any portion of the property.
Based on the facts presented, it is clear that the predominant use of the Plaintiff's medical arts building is for the private, profitmaking purposes of the physicians who rent office space and conduct their private medical practices therein.[4] The fact that the physicians are on the staff of the hospital is not dispositive, nor is the fact that the office building benefits the hospital by increasing utilization and recruitment of physicians. The result may have been different under the law that existed when Southern Baptist [Hospital of Florida, Inc. v. Tax Assessor, 30 Fla. Supp. 45 (Cir.Ct. Duval Co. 1968), aff'd sub nom Philips v. Southern Baptist Hospital of Florida, Inc., 224 So.2d 684 (Fla. 1969)] was decided. However, at present, the law explicitly provides that:
(2) Only those portions of property used predominantly for charitable ... purposes shall be exempt. In no event shall an incidental use of property either qualify such property for an exemption or impair the exemption of an otherwise exempt property.
(3) ... PROPERTY CLAIMED AS EXEMPT FOR LITERARY, SCIENTIFIC, OR CHARITABLE PURPOSES WHICH IS USED FOR PROFITMAKING PURPOSES SHALL BE SUBJECT TO AD VALOREM TAXATION... .
Section 196.196, Fla. Stat. (1983). [(e.s.)]
While the actual charitable use of the hospital qualifies it for an exemption, such use of the hospital does not qualify the subject medical arts building for an exemption...
It is this court's conclusion that this cause is controlled by the decision in Underhill v. Edwards, 400 So.2d 129 (Fla. 5th DCA), pet. for rev. den., 411 So.2d 381 (Fla. 1981). Therefore, exemption of the Plaintiff's medical arts building herein was properly denied by the Dade County Property Appraiser.
In Underhill, exemption was denied as to the first floor of a hospital's new wing which was rented to private medical doctors who used same for the conduct of their private medical practice for compensation. While the physicians who were members of the hospital's staff rendered incidental services to the hospital,
the benefits which the hospital derives from its arrangement of leasing the first floor of its new wing to private medical doctors does not qualify the subject property for exemption from ad valorem taxation. Such benefits are clearly incidental and they do not change the actual private use of the subject property.

400 So.2d at 130-31. [(e.s.)]
The court in Underhill concluded that since the subject property was used predominantly for private nonexempt purposes, it was not entitled to a tax exemption under article VII, section 3, Fla. Const., and section 196.196(2), Fla. Stat.
The fact that the subject doctors' offices are adjacent to a charitable hospital facility does not alter the result. The actual charitable use of the hospital qualifies the hospital for an exemption; it does not qualify the subject doctors' offices for exemption. That portion of the property must stand on its own use, not the use of the adjacent hospital facility.
400 So.2d at 131.
The thrust of Underhill is that any exemption as to the medical arts building must stand on the actual use of the medical building itself; i.e., for a private profitmaking purpose, and not the use of the adjacent hospital facility. At *169 all times pertinent to this action, the subject medical arts building was dedicated and committed to predominantly private use. The lessees of the building are private medical doctors or associations which engage in the private practice of medicine for a profit and treat hospital as well as non-hospital patients. Therefore, the medical center was not used primarily for exempt purposes.
Plaintiff further alleges in its Amended Complaint that it is entitled to an exemption for "at least [that] portion of the medical arts building [that] was used exclusively for hospital purposes." This contention lacks merit. Unless the property is used at least predominantly for an exempt use, no portion of it qualifies for an exemption.
Less than 50 percent of the medical arts building sub judice was used for exempt purposes.[5] Unless more than 50 percent of the medical building is being used for a charitable, exempt purpose, the tax exemption on the building should be denied in toto. Section 196.192, Fla. Stat.; see also 1974 Op.Att'y Gen.Fla. 074-231 (August 6, 1974). Here, the exemption was properly denied in toto by the Dade County Property Appraiser for 1981, 1982 and 1983, since the medical arts building was not predominantly used for exempt purposes as of January 1 of each year.
* * * * * *
[4] The parties stipulated that on January 1, 1981, the medical arts building had 47,000 square feet of usable space, of which 23,000 were leased to physicians as office space, 9,000 square feet were used for storage, 9,000 square feet were vacant and held for future rental and 6,000 square feet were directly used for hospital purposes. In 1982 and 1983, 29,500 square feet were leased to physicians, 5,500 square feet were vacant, 5,500 square feet were used for storage and 6,500 square feet were used for hospital purposes.
[5] Vacant office space, irrespective whether it is held for future use for exempt or nonexempt purposes, does not qualify for property tax exemption under Florida law. Dade County Taxing Authorities v. Cedars of Lebanon Hospital Corporation, Inc., 355 So.2d 1202 (Fla. 1978); Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972). By aggregating the space leased to physicians and the vacant space, it is apparent that the medical arts building was used predominantly for nonexempt purposes in 1981, 1982 and 1983.
Our examination of the record on appeal in the light of the applicable law conclusively establishes the absence of any genuine triable issues of fact and that the taxing authority defendants were entitled to a judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Accordingly, the judgment appealed is affirmed.
Affirmed.