THOMAS, J.
 

 Appellants challenge the trial court’s final judgment finding section 196.061, Florida Statutes (2006), unconstitutional as applied to Appellees, and its order granting Appellees a homestead tax exemption for 2003, 2004, and 2005. Because we find the trial court erred in finding section 196.061, Florida Statutes, unconstitutional as applied to Appellees, we reverse. Further, we hold that, under section 196.061, Florida Statutes, Appellees rented their entire dwelling to others, thus abandoning their homestead status for tax purposes.
 

 Facts
 

 Since 1995, Appellees have owned a condominium unit in Amelia Island Plantation. In 2002, Appellee Thomas W. Carmody established his permanent residence at the Amelia Island property. He applied for and received the homestead tax exemption for 2003, 2004, and 2005.
 

 From October 1, 1995 until December 5, 2005, Appellees participated in the Amelia Island Plantation rental program, which rents out units on a short-term or daily basis, based on when the owner is absent from the property. An owner can reserve the property for personal use by notifying the program of dates to block out the property’s rental availability. The rental program’s records reflect that Appellees’ unit was rented for 113 nights in 2003, 104 nights in 2004, and 66 nights in 2005. The program encourages owners to lock up any personal items while the unit is rented. Notably, Appellee Thomas W. Carmody testified that whenever he was away, he would store all of his personal effects in two locked owner’s closets.
 

 
 *1135
 
 In October 2005, Appellant Haddock sent notice to Appellees that their homestead tax exemption was revoked for 2003, 2004, and 2005. The revocation was based on the unit’s status as rental property, which constitutes an abandonment of homestead status under section 196.061, Florida Statutes. Appellees promptly removed the unit from the rental pool and paid the back taxes under protest to avoid the filing of a lien. Without the homestead tax exemption and accompanying “Save Our Homes” cap, the taxable value of the property escalated, resulting in a significant tax increase.
 

 Appellees brought suit, alleging that revocation of their homestead tax exemption violated their rights under the Florida Constitution. The trial court subsequently found section 196.061, Florida Statutes, unconstitutional as applied to Appellees and ordered Appellant Haddock to grant Appellees the homestead tax exemption for the years 2003, 2004, and 2005.
 

 Analysis
 

 A. Constitutionality
 

 Because the issue before this court involves the determination of a statute’s constitutionality, it is a question of law, subject to
 
 de novo
 
 review.
 
 Crist v. Fla. Ass’n of Criminal Def. Lawyers, Inc.,
 
 978 So.2d 134, 139 (Fla.2008). Although the standard of review is
 
 de novo,
 
 it is a “well-established principle that a legislative enactment is presumed to be constitutional.”
 
 Lawnwood Med. Ctr., Inc. v. Seeger,
 
 990 So.2d 503, 508 (Fla.2008). Whenever possible, courts should construe a challenged law to effect a constitutional outcome.
 
 Fla. Dep’t of Rev. v. Howard,
 
 916 So.2d 640, 642 (Fla.2005) (citing
 
 E. Air Lines, Inc. v. Dep’t of Rev.,
 
 455 So.2d 311, 314 (Fla.1984);
 
 Chatlos v. Overstreet,
 
 124 So.2d 1, 2 (Fla.1960)).
 

 At issue is the application of section 196.061, Florida Statutes, which states in part:
 

 196.061 Rental of homestead to constitute abandonment — The rental of an entire dwelling previously claimed to be a homestead for tax purposes shall constitute the abandonment of said dwelling as a homestead, and said abandonment shall continue until such dwelling is physically occupied by the owner thereof. However, such abandonment of such homestead after January 1 of any year shall not affect the homestead exemption for tax purposes for that particular year so long as this provision is not used for 2 consecutive years.
 

 § 196.061, Fla. Stat. (2005).
 

 The trial court declared this statute unconstitutional as applied to Appellees since it conflicts with their constitutional right to a homestead tax exemption. The trial court did not explicitly state, either in its verbal ruling or its written final judgment, which constitutional provision overrides the statute’s application; however, the provision addressing a property owner’s right to claim a homestead tax exemption is found in Article VII, section 6, of the Florida Constitution:
 

 Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law.
 

 Art. VII, § 6(a), Fla. Const, (prior to amendment by special election on Jan. 29, 2008).
 

 Appellants properly point out that the Florida Supreme Court has held that a taxpayer’s right to claim the homestead
 
 *1136
 
 exemption is not self-executing since Article VII, section 6(a), conditions exemption upon establishment of the right in accordance with the manner prescribed by law.
 
 Horne v. Markham,
 
 288 So.2d 196, 199 (Fla.1973).
 

 In
 
 Home,
 
 the taxpayer missed the April 1 deadline for renewing his homestead exemption.
 
 Id.
 
 at 197. The tax assessor would not accept the late application, and the taxpayer brought suit on the grounds that he had an absolute right to the homestead exemption and that the statute establishing the April 1 deadline was unconstitutional.
 
 Id.
 
 The trial court held that the late application was properly denied since there was no absolute right to the homestead exemption.
 
 Id.
 
 at 198. In affirming the trial court’s decision, the Florida Supreme Court reasoned that
 

 Appellant’s contention that he has an absolute right to a homestead exemption is without merit. As properly noted by the trial judge [in] his order, Article VII, Section 6 ... [d]oes not establish an absolute right to a homestead exemption. Rather, it clearly provides that taxpayers who otherwise qualify shall be granted an exemption [o]nly ‘upon establishment of right thereto in the manner prescribed by law’. In this case, of course, ‘the manner prescribed by law’ is set forth in Chapter 196, Florida Statutes .... Here, as noted by the trial judge, plaintiff simply failed to file his application for a homestead exemption in a timely manner, as required by said Chapter. Therefore, the appellant, who has failed to follow the Florida Constitutional ‘requirement’ in Article VII, Section 6, cannot be heard to complain of being denied the dependent Florida Constitutional ‘right’ contained in same.
 

 Id.
 
 at 199.
 
 Cf. Johns v. May,
 
 402 So.2d 1166, 1168 (Fla.1981) (addressing the constitutionality of a statute under the personal property exemption provision in Article X, section 4, and distinguishing
 
 Horne
 
 by noting that “[t]he constitutional provision at issue here does not contain a clause specifically granting the legislature the right to prescribe the manner of establishing entitlement”).
 

 More recently, in
 
 Zingale v. Powell,
 
 885 So.2d 277, 284-85 (Fla.2004), the Florida Supreme Court reaffirmed the holding of
 
 Home
 
 and extended its reasoning to hold that there is no self-executing right to the “Save Our Homes” tax cap found in Article VII, section 4, of the Florida Constitution. Taxpayer eligibility for the Save Our Homes tax limitation is based on entitlement to the homestead exemption under Article VII, section 6, which conditions the exemption upon establishment of the right as prescribed by law.
 
 Id.
 
 Reading the two provisions
 
 in ;pari materia,
 
 the court held that “a successful application for a homestead application is necessary both to obtain the exemption and to qualify for the cap.”
 
 Id.
 
 at 285. Thus, in order to benefit from the Save Our Homes tax cap, a taxpayer must successfully apply for and receive homestead exemption status under the statutory procedures established by the legislature.
 

 In the present case, under the reasoning and rulings in
 
 Markham
 
 and
 
 Zingale,
 
 the trial court erred in ruling section 196.061, Florida Statutes, unconstitutional as applied to Appellees. Article VTI, section 6, provides that the legislature may establish by law the procedures for claiming the homestead tax exemption. Accordingly, section 196.061 is the legislature’s establishment of how rental property is to be treated under the homestead exemption law and is not unconstitutional as applied to Appellees.
 

 B. Construction
 

 Since we find that section 196.061, Florida Statutes, is not unconstitutional as
 
 *1137
 
 applied to Appellees, we now turn to construing the statute. Because the statute at issue involves a property owner’s eligibility for homestead tax exemption, we note at the outset that statutes involving tax exemptions are strictly construed against the taxpayer.
 
 DeQuervain v. Desguin,
 
 927 So.2d 232, 236 (Fla. 2d DCA 2006) (citing
 
 Capital City Country Club, Inc. v. Tucker,
 
 613 So.2d 448, 452 (Fla. 1993)).
 

 In construing section 196.061, we first consider its plain meaning.
 
 Fla. Farm Bureau Cas. Ins. Co. v. Cox,
 
 967 So.2d 815, 819 (Fla.2007). If the language is unambiguous and conveys a clear and definite meaning, that meaning controls unless it leads to a result that is either unreasonable or clearly contrary to legislative intent.
 
 Tillman v. State,
 
 934 So.2d 1263, 1269 (Fla.2006).
 

 The application of section 196.061 hinges on the term “entire dwelling.” If a property owner does not rent out the entire dwelling, then the statute does not apply. In the present case, the uncontroverted evidence shows that Appellees rented their condominium unit to others through a rental program. Whenever Appellees were absent from the unit, they stored their personal items in two locked closets. In its verbal ruling, the trial court noted, “I don’t find in this case that Mr. Carmody rented [ ] the entire dwelling. Consistent with his intention to make it his residence, he carved out a portion of it for purposes of maintaining his personal effects, his important legal papers, as he testified to.”
 

 Appellees argue that the entire condominium unit was not rented because the renters did not have access to two locked closets; therefore, section 196.061, Florida Statutes, does not apply. We reject this argument since it is grounded in a decontextualized literalism which overemphasizes the word “entire” and ignores its context. See
 
 Deal v. U.S.,
 
 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) (noting the “fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.”).
 

 Further, adherence to such a literal interpretation would produce an unreasonable result.
 
 See Maddox v. State,
 
 923 So.2d 442, 446 (Fla.2006) (“[A] literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion.”) (quoting
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984)). As Appellants note, such an emphasis on the word “entire” would allow property owners to avoid application of the statute by merely preventing access to a
 
 de minimus
 
 amount of space within the structure, such as occurred here. We decline to rigidly interpret the word “entire” to mandate such an unreasonable conclusion. Accordingly, we hold that under section 196.061, Florida Statutes, Appellees rented their entire dwelling, notwithstanding the fact that they reserved two locked closets for personal storage.
 

 Although section 196.061, Florida Statutes, establishes abandonment of the homestead tax exemption upon rental of the entire dwelling, it contains a clause which provides relief in certain situations. Notably, the statute provides that “such abandonment of such homestead after January 1 of any year shall not affect the homestead exemption for tax purposes for that particular year so long as this provision is not used for 2 consecutive years.” § 196.061, Fla. Stat. We decline to interpret this provision, as neither party had cause to address it in light of the trial court’s order, but we note that the trial court must address this provision before
 
 *1138
 
 entering a final order adjudicating Appel-lees’ tax liability.
 

 Conclusion
 

 In conclusion, we hold that the trial court erred in finding section 196.061, Florida Statutes, unconstitutional as applied to Appellees. Further, we hold that under section 196.061, Florida Statutes, Appellees rented their entire condominium unit to others, despite their reservation of two closets for storing personal items. We REVERSE and REMAND with instructions for the trial court to enter an order consistent with this opinion.
 

 LEWIS, J., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.